IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADAM DARE BLADES, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-19-3521 |
| RICHARD J. GRAHAM, JR., et al., | * | |
| Respondents. | * | |

\*\*\*

# **MEMORANDUM**

Respondents filed an answer seeking dismissal of the above-captioned petition for writ of habeas corpus for failure to exhaust applicable state remedies. ECF No. 9. Petitioner has not filed a reply and no hearing is necessary to resolve the matters pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018).

Blades was awaiting a parole revocation hearing at the time he filed the petition. He claimed he was entitled to release from detention based on his assertion that he was entitled to a revocation hearing within 60 days of being detained on a parole retake warrant. ECF No. 1. The relevant Maryland regulation provides that:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, *except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated*. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

COMAR 12.08.01.22.F(2)(A) (emphasis added).

To the extent Blades seeks an order requiring the Maryland Parole Commission to provide him with a parole revocation hearing, this Court does not have jurisdiction to grant mandamus

relief in this instance. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner; this mandamus jurisdiction does not apply to State employees, such as the Maryland Parole Commission. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent Blades seeks an order requiring his release from detention, Blades' petition involves questions of State law only and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Blades must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondents assert that Blades has not filed a habeas corpus petition in state court since he was returned to custody on the parole violator warrant.[1]  ECF No. 9-7.  Blades does not dispute this assertion.  The claim is therefore unexhausted and the merits of the claim may not be reached by this Court.  Therefore, this petition shall be dismissed without prejudice.

In addition, this Court must consider whether a certificate of appealability should issue.  *See* 28 U.S.C. §2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [Certificate of Appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  That Blades' claim is unexhausted is unassailable; therefore, a COA shall not issue.

A separate Order follows.

Dated: October 13, 2020.

                                                   /S/
                                                Paul W. Grimm
                                                United States District Judge

---

[1] After filing the Petition, Blades did receive a revocation hearing where the Commissioner found that Blades violated conditions of his parole, withheld rendering a final disposition, and directed Blades be held for 90 days. ECF No. 9-1.  A few weeks later Blades was convicted of the unlawful taking of a motor vehicle and driving while impaired and received a four-month aggregate sentence. ECF Nos. 9-4 and 9-5.